60 CCPA

**CANADA DRY CORPORATION,**
Appellant,

v.

**AMERICAN HOME PRODUCTS COR-
PORATION, Appellee.**

United States Court of Customs
and Patent Appeals.

Oct. 26, 1972.

Francis J. Sullivan, attorney of record, for appellant.

Mortimer Altin, Julius A. Bell, New York City, attorneys of record, for appellee.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

ALMOND, Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board, 164 USPQ 154, dismissing appellant's opposition upon the ground that registration of the trademark in question is not reasonably likely to cause confusion or mistake or to deceive.

American Home Products Corporation filed application to register "HI-SPOT" for a laundry detergent, asserting first use on April 17, 1967. Canada Dry Corporation, registrant of "HI-SPOT" for soft drinks,[1] opposed, alleging as grounds of opposition that applicant's use of HI-SPOT for a laundry detergent is likely to cause confusion or mistake or to deceive (15 U.S.C. § 1052(d)). The only testimony adduced was on behalf of opposer from which it appears that it and a predecessor in business have continuously used the mark HI-SPOT since 1936 in connection with the sale of a lemon flavored soft drink.

The record reflects that appellant's product, soft drink, is marketed throughout the United States in supermarkets with substantial sales. The HI-SPOT soft drinks have been advertised through such media as radio, television, newspapers, and nationally distributed trade and consumer magazines.

In support of its allegation of likelihood of confusion, appellant contended below, and in essence argues here, that the goods of the parties are commonly sold to the general public in supermarkets, groceries and similar outlets; that appellee's product, laundry detergent, is one that housewives may purchase along with appellant's soft drink in the normal course of shopping and, hence, there is a definite relationship between the products of the parties.

We are persuaded that products such as those here involved not only may be but actually are commonly sold through

---

1. Reg. No. 341,701 issued December 22, 1936, renewed.

the same retail outlets. However, a prospective purchaser of a laundry detergent bearing the mark HI-SPOT would not, in our view, be likely to be confused as to source in the selection of a HI-SPOT soft drink. The two products are not only noncompeting, they significantly differ in utility. They have nothing in common with respect to their essential characteristics, uses or sales appeal. We also agree with the board that the term "hi-spot" is the phonetic and legal equivalent of "high spot" and is invested with an obvious laudatory connotation.

We find no error in the conclusion reached by the board, in dismissing the opposition, that:

> Considering the nature of the mark "HI-SPOT", it is our opinion that the contemporaneous use thereof by the parties for such widely divergent goods as soft drinks and detergents is not reasonably likely to cause confusion or mistake or to deceive.

Accordingly, the decision of the board is affirmed.

Affirmed.